UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 PENSION TRUST FUND and TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 TRAINING TRUST FUND, | ) ) ) ) ) ) | |
| | ) | CAUSE NO. 2:08-CV-87RM |
| Plaintiffs | ) ) ) | |
| v. | ) ) | |
| KLS SERVICES, INC. | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The plaintiffs, trustees of a multi-employer pension trust fund and training trust fund, brought this action against the defendant KLS Services, Inc. for unpaid pension trust fund contributions under Section 502(a)(3), (e)(1), and (f) of the Employment Retirement Security Act and Section 301(a) of the Labor Management Relations Act of 1947. KLS didn't respond to the complaint and the plaintiffs obtained an entry of default. The plaintiffs then moved for summary judgment and notified KLS of the importance of responding to the summary judgment motion pursuant to Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982). KLS hasn't filed a response and the deadline for doing so has passed.

Because the plaintiffs' motion is unopposed, the factual assertions on which their motion for summary judgment is based (and which are properly supported by the evidentiary record) are accepted as true for the purpose of resolving that motion. *See* Corder v. Lucent Techs., Inc., 162 F.3d 924, 927 (7th Cir.1998). That

the plaintiffs' motion is unopposed doesn't change the summary judgment standard. Federal Rule of Civil Procedure Rule 56(c) provides that summary judgment is to be granted when no dispute of material fact exists between the parties. The court must view the evidence making all reasonable inferences in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The movant bears the initial burden of demonstrating that no material issue exists for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Once the movant has properly supported their motion, the nonmoving party must offer specific facts demonstrating that a material dispute indeed exists. Id. In today's case, the court's review is limited to those facts brought forth by the plaintiffs. *See* Smith v. Severn, 129 F.3d 419, 426 (7th Cir.1997).

KLS is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). The plaintiffs are the trustees of the Teamsters Union Local No. 142 Pension Trust Fund and trustees of the Teamsters Local No. 142 Training Trust Fund. KLS entered into a Collective Bargaining Agreement and a successive agreement with Local No. 142 of the International Brotherhood of Teamsters, AFL-CIO for the period of February 1, 2004 through May 31, 2010. KLS employs or has employed persons represented for collective bargaining purposes by the Union. The CBA requires KLS to make periodic contributions on behalf of its employees to the Pension Trust Fund in amounts established by the CBA.

KLS didn't pay the required contributions into the Pension Fund from 2005 through 2007, refused to cooperate with payroll audit, and canceled previously

scheduled audits. After obtaining a court order, the plaintiffs conducted an audit and discovered that KLS owed the Pension Fund $6,550.70 in contributions; no contributions are owed to the Training Trust Fund. The Trust Agreement, by which KLS is bound, provides that if KLS is found to be delinquent in contributions, the trustees may take the necessary steps to collect the contributions and other moneys due and owing to the Trust. The agreement also states that the employer must pay interest on all moneys due at the rate that the trustees shall from time to time determine, together with all expenses of collection, including costs and legal fees. The Trust Agreement and Employer Contribution Collection Policy authorizes the trustees to impose interest of ten percent per annum on delinquent contributions and liquidated damages in the amount of twenty percent of the total amount due. Based on these contractual terms, the plaintiffs brought forth evidence that KLS owes $1,196.80 in accrued interest,$1,310.14 in liquidated damages, $2,489.67 in legal fees and costs for collection efforts, and $2,450 for costs of the payroll audit. The total KLS owes to the Pension Fund for the period of 2004 through 2007 is $13,997.32.

These facts are undisputed; KLS neither answered the complaint nor responded to the plaintiffs' summary judgment motion.

ERISA requires employers to make contributions to a pension fund to which it is contractually obligated. *See* 29 U.S.C. § 1145; *see also* <u>Trustees of Glaziers Union Local No. 27 Welfare & Pension Funds v. Gibson</u>, 99 Fed. Appx. 740, 741 (7th Cir. 2004). KLS hasn't made the required pension fund contributions in

accordance with the CBA and ERISA. *See* 29 U.S.C. § 1132(a)(3). There is no genuine issue of material fact that KLS entered into the CBA and was contractually bound to make contributions to the Pension Fund. There is no genuine issue of material fact that KLS breached this agreement.

Because the plaintiffs met their initial obligation under FED. R. CIV. P. 56, the burden fell upon KLS to come forth with sufficient evidence that, if viewed as fully in its favor as reasonable, would allow a factfinder to decide the case in its favor. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). KLS didn't meet this burden; it submitted no admissible evidence contesting the materials the plaintiffs submitted with their motion. The plaintiffs are therefore entitled to summary judgment as a matter of law.

Judgement shall be entered for the plaintiffs and against KLS Services, Inc. for contributions owed from 2004 through 2007 in the amount of $6,550.70, accrued interest in the amount of $1,196.81, liquidated damages in the amount of $1,310.14, legal fees and costs for collection efforts in the amount of $2,489.67, and costs of the payroll audit in the amount of $2,450, for a total amount of $13,997.32.

For the foregoing reasons, the court GRANTS the motion for summary judgment (docket # 11).

SO ORDERED.

ENTERED: February 11, 2009

/s/ Robert L. Miller, Jr.

Chief Judge
United States District Court